### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **CARLOS A. BARRERA,**<br>*Plaintiff*, | § § § | |
| **v.** | § § | **CIVIL ACTION NO. _____**<br>**JURY DEMANDED** |
| **STATE FARM LLOYDS,**<br>*Defendant*. | § § § | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant State Farm Lloyds files this Notice of Removal because diversity of citizenship jurisdiction exists under 28 U.S.C. § 1332.

### PROCEDURAL BACKGROUND

**1.** Plaintiff Carlos Barrera filed this action on March 25, 2025, against State Farm Lloyds in the 127th Judicial District Court in Harris County, Texas. The case was docketed under cause number 2025-19928 (the "State Court Action").

**2.** State Farm Lloyds was served with citation and Plaintiff's Original Petition on March 31, 2025. The statutory deadline to remove this action under 28 U.S.C. §1446(b)(1) is 30 days after Defendant's receipt of the initial pleading.

**3.** State Farm Lloyds timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 127th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

**4.** State Farm Lloyds filed its Original Answer, Special Exceptions and Jury Demand on April 22, 2025.

## NATURE OF THE SUIT

5. This lawsuit involves a dispute over the handling and alleged underpayment of Plaintiff's claim for damages allegedly caused by a storm in Houston, Harris County, Texas that occurred on March 15, 2024 and/or July 8, 2024.[1] Plaintiff asserts causes of action against State Farm Lloyds for: (1) breach of the insurance contract;[2] (2) violations of Chapter 542 of the Texas Insurance Code also known as the Prompt Payment of Claims Statute;[3] (3) violations of Chapter 541 of the Texas Insurance Code;[4] (4) breach of the duty of good faith and fair dealing;[5] (5) violations of the Texas Deceptive Trade Practices Act (DTPA);[6] and (6) common law fraud.[7]

## BASIS FOR REMOVAL

6. The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Diversity of the Parties

7. Removal is proper because there is and was complete diversity between the parties under 28 U.S.C. § 1332 both at the time of the filing of Plaintiff's Original Petition and at the time of its removal to this Court.

8. Plaintiff was, at the time of filing this lawsuit, and still is, a citizen of Harris County, Texas and resides in Harris County, Texas.[8]

---

[1] *Plaintiff's Original Petition* at ¶10.
[2] *Id.* at ¶45-49.
[3] *Id.* at ¶¶50-59.
[4] *Id.* at ¶¶50-54; *Plaintiff's Original Petition* recites Tex. Ins. Code 542 but includes what appears to be reported violations of Tex. Ins. Code 541 allegations.
[5] *Id.* at ¶60-62.
[6] *Id.* at ¶63-66.
[7] *Id.* at ¶67-70.
[8] *Id.* at ¶4.

9. State Farm Lloyds was, at the time this action was commenced, and still is, a citizen of Illinois and Arizona. State Farm Lloyds is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois and Arizona, thereby making State Farm Lloyds a citizen of Illinois and Arizona for diversity purposes.[9]

### B. Amount in Controversy

10. Plaintiff is seeking damages of $250,000, or less according to his Petition.[10] Accordingly, the "amount in controversy" requirement of 28 U.S.C. § 1332(a) is satisfied because Plaintiff is seeking damages in excess of $75,000.00.

11. Plaintiff seeks the estimated sum of approximately $138,376.80.[11] Plaintiff alleges a breach of contract cause of action.[12] Plaintiff further alleges additional damages under a number of common law and statutory extra-contractual claims. First, Plaintiff alleges State Farm violated Texas Insurance Code and the DTPA and that it did so "knowingly."[13] The Texas Insurance Code and the DTPA provides that up to treble damages may be awarded by the fact finder for an intentional violation. Further, Plaintiff seeks statutory interest under TEX. INS. CODE § 542.060 as well as attorneys' fees.[14] Plaintiff further seeks compensatory and consequential damages, including mental anguish damages.[15]

---

[9] *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).
[10] *See Plaintiff's Original Petition* at ¶4.
[11] **Exhibit C**, Plaintiff's "Notice Letter" dated October 3, 2024 at pg. 5, where Plaintiff indicates that Plaintiff will seek $138,376.80 in damages after suit is filed.
[12] *Plaintiff's Original Petition* ¶45-49.
[13] *Plaintiff's Original Petition* ¶¶59, 66, 70 and 75.
[14] *Id.*, ¶¶ 76. Plaintiff mistakenly avers that he is entitled to 18% interest under 542.060 (see *Plaintiff's Original Petition* at ¶76, instead of the calculations provided for under 542A. State Farm denies that it owes any PPOC penalties related to Plaintiff's claim.
[15] *Id.*, ¶ 77.

Plaintiff's pre-suit demand letter alleged these attorney's fees to total $1,000.00, presumably continuing to accrue.[16]

12. Accordingly, the "amount in controversy" requirement of 28 U.S.C. §1332(a) is satisfied because Plaintiff seeks damages in excess of $75,000.00 (approximately $138,376.80, plus statutory penalties and additional, accruing attorney's fees).

## REMOVAL IS PROCEDURALLY CORRECT

13. This notice of removal is timely under 28 U.S.C. § 1446(b). State Farm Lloyds was served with process on March 31, 2025.

14. Venue is proper in this division under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

15. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon State Farm Lloyds in the State Court Action are attached to this notice as Exhibit B.

16. Additionally, all documents required by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will promptly be given to all parties and to the clerk of the 127th Judicial District Court of Harris County, Texas.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, State Farm Lloyds demands a trial by jury.

---

[16] Exhibit C, at pg. 3.

## PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. Defendant also requests any additional relief to which it may be entitled.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**

By: ___/s/ M. Micah Kessler___
M. Micah Kessler
State Bar No. 00796878
S.D. Tex. I.D. No. 21206
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: 713-781-2889
Telecopier: 713-781-7222
Email: mkessler@nck-law.com
**ATTORNEY IN CHARGE FOR
DEFENDANT STATE FARM LLOYDS**

**OF COUNSEL:**
**NISTICO, CROUCH & KESSLER, P.C.**
Denise Purcell Leisten
State Bar No. 16394100
S.D. Tex. I.D. 13254
Email: dleisten@nck-law.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on April 28, 2025, in the manner(s) prescribed below:

Shawn W. Hodge
J. Rohlf Jewell
The Hodge Law Firm, PLLC
The Historic Runge House
1301 Market Street
Galveston, Texas 77550
**VIA EMAIL -** RJEWELL@HODGEFIRM.COM
**AND** SHODGE@HODGEFIRM.COM

___/s/ Denise Purcell Leisten___
Denise Purcell Leisten